Williams, Appellant, v. Rheas Incorporated.

Argued April 29, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Charles G. Notari,* and with him *Thomas. M. Marshall* of *Marshall & Marshall,* for appellant.—A minor

who is incapable of entering into a contract, and who has been employed in violation of an Act of Assembly, can maintain an action of trespass for personal injuries received during the course of his employment: Lincoln v. National Tube Company, 268 Pa. 504; Stehle v. Jaeger Automatic Machine Company, 220 Pa. 617.

*H. E. McCamey*, of *Dickie, Kier & McCamey*, for appellee.—If the statute embraces the essential provisions of an antecedent one on the same subject, and formulates a new system, the intention that the new shall be a substitute for the old is manifest, although there be no expressed intention to that effect: Emsworth Borough, 5 Pa. Superior Ct. 29; Commonwealth v. Mann, 168 Pa. 290.

OPINION BY TREXLER, J., July 10, 1930:

This is an action in trespass brought on behalf of a minor, Leslie Williams, against the defendants for injuries occasioned by a defect in the elevator which the minor was running. The jury found in favor of the plaintiff, but the court entered judgment for the defendant, holding that the plaintiff's sole remedy was under the Workmen's Compensation Law.

The case hinges upon the construction of part of the second clause of Section 5 of the Act of May 13, 1915, P. L. 286, which reads, "No minor under eighteen years of age shall be employed or permitted to work in the operation or management of hoisting machines." The plaintiff was seventeen and was running an elevator used to convey passengers and freight. If the words "hoisting machines" include an elevator, the minor was illegally employed and being under age was incapable of entering into a binding contract and could maintain an action of trespass for personal injuries received during the course of his employment. Lincoln v. National Tube Co., 268 Pa. 504.

Former acts had forbidden the employment of minors under certain ages as operators of an "elevator or lift." The Act of May 2, 1905, P. L. 352, Section 4, fixed the minimum age for such operators as 16 years; the Act of April 29, 1909, P. L. 283, Section 2, at eighteen years for the operators of "elevators, lifts or hoisting machines." The amending acts of June 9, 1911, P. L. 832, and of 1913, P. L. 862, Section 1, contain the same provision expressed in the same words. The Child Labor Act of 1915, supra, is a general act providing for the health, safety and welfare of minors, and covers the whole field of the employment of minors. If the act did not repeal the former acts, it would seem that the minimum age at which minors can be employed to run elevators is eighteen. The appellant argues very plausibly that the Act of 1915, being a comprehensive act embracing every phase of child labor, repealed the former act of 1909 and its amendment. We are inclined to take the same view including the Act of 1905 although whether we consider the old acts in force or repealed by the Act of 1915, we would come to the same conclusion that the minor was illegally employed. If the Act of 1915 does not apply he would come within the provisions of the Act of 1909, supra, which fixes the age limit at eighteen.

In recurring to the question whether an elevator is a hoisting machine, we notice that in the former acts above referred to, with the exception of the Act of 1905, the terms "elevators, lifts, or hoisting machines" are used together as being of the same class. There is no reference to elevators in the Child Labor Act of 1915. If the act repealed the former act, there is no limit to the employment of minors in operating elevators if they are not embraced under the term "hoisting machines." We take the view that the framers of the act, instead of making specific reference to elevators and lifts, which in former acts were coupled with hoisting machines, selected the latter term as being of broad significance

and inclusive of elevators and lifts and similar devices. The term "hoisting machines" applies to all mechanical contrivances used for lifting. The use of the words conveys no idea of a particular machine, but is a designation of a class. The definition given in the Century Dictionary of "hoist" is "that by which something is hoisted; a machine for raising ore, merchandise, passengers, etc., in a mine, warehouse, hotel, etc., an elevator." In the Standard Dictionary, the words hoisting machine and lift are synonymous. Webster's International Dictionary, the word "hoist" is defined "that by which anything is hoisted especially an elevator or lift for raising heavy loads."

In the Act of April 29, 1909, supra, there is a provision referring to the employment of minors under a certain age on railroads. It was argued that the term "railroad" meant what is commonly designated a common carrier, but the Supreme Court held that it applied to a narrow gauge track connecting the culm lands and refuse pile of a coal company with the washery. We quote from the opinion of Justice MESTREZAT in Oxford Co. v. Fidelity & Casualty Co., 248 Pa. 311: "The word 'railroad' may have a different meaning in different statutes. The legislature may use it in a broad sense in one statute, and in a technical or popular sense in another statute. In each case, the legislative intent must be ascertained and, of course, carried out. The settled rule of interpretation, announced in the text-books and confirmed by judicial decision, is that when the words of the statute are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the object and remedy in view; and the intention is to be taken or presumed, according to what is consonant to reason and good discretion. Applying this rule to the statute in question, there is no difficulty in determining what the legislature meant by

the use of the word 'railroads' in the statute. The occasion and necessity of the law was the protection of children under eighteen years of age by preventing them engaging in certain hazardous employments. That was unquestionably the mischief felt at the time the law was enacted, and which was intended to be remedied by the enactment of the statute."

It is not necessary to draw the parallel between that case and the one we are considering. It is obvious that substituting the words "hoisting machines" for "railroad" the argument applies with equal force to the present case and we need add nothing further.

In Lincoln v. National Tube Co., supra, Justice Simpson expresses the view that "elevators, lifts and similar contrivances *may* also be hoisting machines." We are constrained to go further and hold that they *are* included in the term hoisting machines.

The judgment is reversed and the record remitted with the direction that the judgment be entered on the verdict.