## Snyder's Appeal.

Argued December 1, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER and MAXEY, JJ.

*Harvey A. Miller,* with him *Thomas Nichols,* for appellants.—The Act of 1903 repeals by implication the Act of 1874: Hammond v. Aluminum Co., 261 Pa. 370; Murdoch v. Biery, 269 Pa. 577; Lawrence Co. v. Horner, 281 Pa. 336; Com. v. Curry, 285 Pa. 289; Jefferson Co. v. Twp., 283 Pa. 126; Com. v. Schmidt, 287 Pa. 150, 157; Long v. Phillips, 241 Pa. 246.

The Act of 1874, P. L. 279, is inoperative and it was the intention of the legislature that it be repealed absolutely by the Act of May 9, 1929: Swissvale Boro., 64 Pa. Superior Ct. 63; Lawrence Co. v. New Castle, 18 Pa. Superior Ct. 313; Washington Boro.'s App., 26 Pa. Superior Ct. 296.

*H. Stewart Dunn,* with him *Charles A. Waldschmidt,* City Solicitor, and *Thomas M. Benner,* First Assistant City Solicitor, for appellees.—The Act of 1874 is not impliedly repealed by the Act of 1903: Sheraden Boro., 34 Pa. Superior Ct. 639; Graham v. Phila., 288 Pa. 152; Bell v. County, 149 Pa. 381; Com. v. Reese, 293 Pa. 398;

Com. v. Curry, 285 Pa. 289; Homer & Son v. Com., 106 Pa. 221; Ross Twp., 77 Pitts. L. J. 1.

The Act of 1874 is not expressly repealed by Act of 1929, so far as second-class cities are concerned: Lackawanna Twp., 160 Pa. 494; Com. v. Dale Boro., 272 Pa. 189; Investor's Realty Co. v. Harrisburg, 281 Pa. 200.

*Charles A. Woods, Jr.,* and *Dickie, Robinson & McCamey,* for intervenor, League of Boroughs, Townships and Cities of the Third Class of Allegheny County.

OPINION BY MR. JUSTICE SADLER, January 5, 1931:

Certain taxables of a portion of Penn Township, adjoining the City of Pittsburgh, desired that their properties be annexed to the latter municipality. They presented a petition to council asking that this action be taken, and the request was acceded to, as evidenced by ordinance duly enacted. The proceeding was removed to the quarter sessions, following an attack on its legality, but there sustained, as it was in the Superior Court, to which the record was removed for review. Leave was granted to appeal to this court, and the several objections to the separation of a part of the township and its joinder to the city were presented on oral argument here.

The petition filed was based on the Act of June 8, 1874, P. L. 279, wherein it was provided that three-fifths of the landowners in the part of a township affected may apply to the council of the city, asking that the land owned by them be annexed. As directed by section 2, this application, with plot attached, was presented, and an ordinance was properly passed permitting the addition as prayed for. Within ten days an appeal was taken to the quarter sessions, and the validity of the preliminary steps taken upheld. Though the request for leave to review intimated that the requisite number of signers had not joined in the application for the passage of the ordinance, no evidence to establish this contention was presented, and this objection first suggested

was not subsequently pressed. The real complaint now urged is based on the assertion that the Act of 1874 is unconstitutional, and, if not, has been repealed by subsequent legislation which provides a different method of procedure in annexation cases.

It is contended that a new statutory plan for adding part of a township to a city of the second class was put in force by the Act of April 28, 1903, P. L. 332, which permits such action upon petition of twenty per cent of the qualified voters residing on the property to be annexed, reduced later to five per cent (Act of April 19, 1905, P. L. 216), to which application the larger municipality formally assents. When this approval is secured, the court of quarter sessions is required to give notice to and hear the parties in interest, and determine whether the requirements of the statute have been complied with. If so, it must then order an election, and if a majority of those in the part of the township to be severed, who alone are entitled to vote, favor the change, a decree of annexation shall be entered. This statute supplied a new method for securing approval of an alteration of municipal boundaries, but did not in terms supplant the Act of 1874, on which the present application is founded. An examination of the legislation, relating to the annexation of territory to other classes of municipalities, will disclose that alternative ways for proceeding in such cases have frequently been provided, as illustrated where boroughs are involved: Plymouth Township's App., 167 Pa. 612; Borough Act, May 4, 1927, P. L. 519, article IV, sections 401, 410, 415, 425.

There is no express repeal of the Act of 1874, supra, by that of 1903, supra, nor was such effected by the Act of May 9, 1929, P. L. 1694, as insisted by appellants, for the later legislation refers only to annexation to cities of the third class, and has no application to Pittsburgh, which is of the second. It does not apply to a municipality such as here involved, as appears not only by the title (Com. ex rel. v. Reese, 293 Pa. 398;

Com. v. Dale Boro., 272 Pa. 189; Investor's Realty Co. v. Harrisburg, 281 Pa. 200), but in the repealing clause (section 13), which states that only statutes relating to third-class cities shall be affected.

If the Act of 1903, supra, is to be held exclusive, it must be determined that it impliedly repealed the Act of 1874, supra,—a legal conclusion not favored, and reached only when necessity imperatively requires it: Com. ex rel. v. Ruggles, 280 Pa. 568. The respective plans for securing annexation, provided by the two statutes in question, are different both in the manner of instituting the proceeding and in the steps to be followed thereafter. Under the later legislation, a vote is directed to be had if the regularity of the acts taken to secure the joinder is preliminarily approved by the court,—a requirement not appearing in the Act of 1874. Legislation of this character might properly direct that the voters of the entire township be given opportunity to express their assent or dissent, since the question of the removal of assessable property from the municipal limits affects them all, but the legislature has not so stipulated either by the Act of 1874 or 1903. Even under the latter statute, as already noticed, only those residing in the part to be annexed are given the right to decide after the submission of the question of separation from the township is ordered by the court. Other differences in the acts are found in the determination of the number of those who may institute the proceeding, and dissimiliarities appear as well in the steps to be taken thereafter.

A subsequent act of assembly, evidently intended as a revision of the whole subject-matter of prior legislation, and a substitute therefor, though it contains no express words so declaring, must, on general principles of law as well as in reason and common sense, operate to set aside the former: Com. v. Curry, 285 Pa. 289; Jefferson Co. v. Rose Twp., 283 Pa. 126. If the new statute indicates a purpose to revise and abolish that

formerly in force, although no language to that effect is found therein, the first is repealed: Murdoch v. Biery, 269 Pa. 577; Hammond v. Aluminum Co., 261 Pa. 370. But the purpose to formulate an entirely new system in place of the one thertofore existing must clearly appear before earlier legislation, dealing with the like subject, can be declared to be no longer operative: Graham v. Phila., 288 Pa. 152; Sheraden Boro.'s Case, 34 Pa. Superior Ct. 639. A comparison of the two acts now in question fails to show an intention to supplant that of 1874 by the one passed in 1903, which provides a different and alternative method of procedure, without express repeal of the former by the latter, and we cannot say that it impliedly has that effect.

In the court below it was contended, though not pressed on appeal, or mentioned in the statement of questions involved, that the Act of 1874 is unconstitutional in failing to provide for an adjustment of indebtedness when annexation takes place. An answer to this contention is found in Troop v. Pittsburgh, 254 Pa. 172. Nor do we see merit in the objection that no express provision was made for the creation of new election districts by the earlier act. Other statutes furnish the necessary authority: Act of April 21, 1911, P. L. 80. All of the objections raised, whether we have referred to them or not, are satisfactorily answered in the opinion of the Superior Court, and a repetition of what was there said is unnecessary.

The order is affirmed at the cost of appellants.