## Devine et al., Appellants, *v.* John Lang Paper Co., Inc.

Argued April 21, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John V. Horan*, with him *Edgar W. Lank*, for appellants.—It is fundamental that repeal of statutes by implication is not favored, and unless done in express terms, the presumption is always against an intention to repeal: Carpenter v. Hutchison, 243 Pa. 260; Ulrich's Case, 267 Pa. 233; Pottash et al. v. Hartenfeld Bag Co., 267 Pa. 96; Citizens Elec. Co. v. Power Co., 255 Pa. 145; Com. v. Crowl, 245 Pa. 554; Provident Life & Tr. Co. v. Klemmer, 257 Pa. 91.

It is further contended that all that can be said of the Act of 1915 in relation to the prior act is that in some respects it enlarges the former by its terms, but in no sense, in toto, is it inconsistent or repugnant thereto: King v. Darlington B. & M. Co., 284 Pa. 227.

*Richardson Dilworth*, with him *Ralph B. Evans*, for appellee.—The Child Labor Act of 1909 was repealed by the Child Labor Act of 1915: Child Labor Laws, 27 Pa. Dist. R. 570; Com. v. Mann, 168 Pa. 290; Emsworth

Boro., 5 Pa. Superior Ct. 29; Hammond v. Aluminum Co., 261 Pa. 370; Williams v. Rheas, 99 Pa. Superior Ct. 438.

The express repeal of the Act of 1909 prior to final judgment abolished plaintiff's right of action thereunder: Ohio River, etc., Co. v. Penna. Co., 222 Pa. 573; Lawrence Co. v. New Castle, 18 Pa. Superior Ct. 313; Scranton v. Rhoads, 60 Pa. Superior Ct. 458; Wall v. Chesapeake & Ohio Ry., 125 N. E. 20.

OPINION BY MR. JUSTICE LINN, June 30, 1932:

These appeals by a minor and his parents, are from judgments notwithstanding verdicts for plaintiffs. At the age of 17, the minor plaintiff was injured while adjusting a belt on moving machinery that was not guarded. His right to recover was based on alleged violation of provisions of the Act of April 29, 1909, P. L. 283, prohibiting employment of male minors between 14 and 18 years of age in any factory using power machinery not properly guarded. In defense it was asserted that the Act of 1909 had been impliedly repealed by the Act of May 13, 1915, P. L. 286, more comprehensively dealing with the same subject of legislation. This act, after prohibiting employment of minors under 16 at the kind of work this plaintiff was engaged to perform, provided in section 5: "Nor shall any minor under 16 years of age be employed or permitted to work, in any capacity, in adjusting or assisting in adjusting any belt to any machinery, or in proximity to any hazardous or unguarded belts, machinery, or gearing, while the same is in motion. ...... No minor under 18 years of age shall be employed or permitted to work in the operation or management of hoisting machines, in oiling or cleaning machinery in motion......" As the minor was over 16, his work when injured—readjusting a belt on moving machinery—was not within the classes of employment prohibited for a minor between 16 and 18. The regula-

tion provided by the second act is irreconcilable with the first and must have been intended to exclude it.

It is obvious by a comparison of the two acts that the second is much more comprehensive than the first and covers the same field. The Act of 1909 had been amended several times in 1913 (P. L. 69; P. L. 862) and also by the codification "regulating the employment of females in certain establishments," 1913, P. L. 1034, 1035, repealing it in part. These changes were followed by the Act of 1915, a general act providing for the health, safety and welfare of minors and purporting to regulate their employment in all its phases: Williams v. Rheas, 99 Pa. Superior Ct. 438. We take the following comparison of the two statutes from the opinion filed by the learned president judge of the court below: "The titles are the same, 'to regulate ages of employment, hours, protection against injury.' The title of the later act recites the same subjects, but goes more into detail. The first five sections of 1909 classify minors into groups by ages, and regulate the kind of work for each class. Section six regulates day and night employment. Employment certificates are provided for in sections 7, 8 and 9. Sections 10, 11 and 12 deal with punishments for violations. The Act of 1915, in sections 2, 3, 4, 5, 6 and 7, classifies minors on the subject of employment, cares for school attendance and prohibited employments. Section 6 deals with messenger boys; section 7 with newsboys; sections 8, 9, 10, 11, 12, 17, 18 and 19 with employment certificates; sections 13 and 20, with schooling; section 14, with certificates of physical fitness; section 15, with evidence of age; section 16, with vacations; sections 21, 22, 23 and 24, with prosecutions for violations."

The rule to be applied in determining whether the later repealed the earlier act by implication, was thus stated in Hammond v. Aluminum Co. of America, 261 Pa. 370, 377, 104 A. 660. "The rule here applicable is thus stated in Endlich on Interpretation of Statutes, section 201, 'In such cases, the later act, although it con-

tains no words to that effect, must, in the principles of law, as well as in reason and common sense, operate to repeal the former—the negative being implied from the "reasonable inference that the legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject-matter in force at the same time." If this could be the case, it is obvious that the later statute could become the law only so far as parties might choose to follow it; whereas, the mere fact that a statute is made shows, that, so far as it goes, and so far as it introduces a new rule of general application, it was intended as a substitute for, and to displace, an earlier one of equally general application.' Among the authorities cited in support of this rule are: Bartlet v. King, 12 Mass. 537; Johnston's Est., 33 Pa. 511. To these may be added: Rhoads v. The Hoernerstown Building & Savings Assn., 82 Pa. 180. As will be observed these authorities are to the effect that when the later statute establishing a general system for government is silent as to the repeal of former statutes relating to the same subject, an intention to repeal the earlier statutes arises by implication." To the same effect, see 25 R. C. L., page 914, etc.; Com. v. Curry, 285 Pa. 289, 294, 132 A. 370; Snyder's App., 302 Pa. 259, 263, 153 A. 436.

Judgment affirmed.