## Appointment of Police as Health Officers

SEGAL, Deputy Attorney General, July 3, 1934.—We have your request to be advised on the following questions:

(1) Whether section 20 of the Act of June 18, 1895, P. L. 203, as amended by the Act of April 3, 1903, P. L. 138, renders a chief of police or a policeman of a borough or first class township ineligible to be appointed a health officer by the board of health of such borough or first class township.

(2) If so, whether in the case of a borough or first class township in which the council elects to appoint a health officer or health officers in lieu of a board of health, as provided by the Act of April 7, 1927, P. L. 155, amending the Act of June 12, 1913, P. L. 471, a chief of police or a policeman of such borough or first class township likewise is ineligible for such appointment.

We shall first consider whether a chief of police or a policeman of a borough or a first class township may be appointed a health officer of such borough or township by the board of health.

Section 20 of the Act of June 18, 1895, P. L. 203, as amended by the Act of April 3, 1903, P. L. 138, provides as follows:

"No justice of the peace, member of council, or other officers, except school directors, constables, or election officers, shall, at the same time, be a member of the board of health of such municipality, or hold any office or appointment under the same."

We shall first discuss the application of the Act of 1895, as amended, to a borough chief of police or policeman.

The real question involved is whether a chief of police or policeman is an "officer" within the meaning of that act.

The universal rule to be applied in the construction of a statute is that the legislative intent, as expressed in the statute, is to be effectuated. However, where the words of a statute create an ambiguity, or their meaning is not self-evident, the courts follow certain rules of construction in interpreting them. One of the well-established rules of construction is the so-called rule of "eiusdem generis", to the effect that where general words, such as the words "or other officers" in the statute under discussion, follow an enumeration of specific persons or things, the general words will be construed to apply only to persons or things of the same general class or classes as those specifically enumerated: Warren Borough v. Geer, 117 Pa. 207 (1887); Weiss v. Swift & Company, 36 Pa. Superior Ct. 376 (1908).

The offices of "justice of the peace and member of council" are specifically enumerated before the words "or other officers" in the Act of 1895, as amended. Both these offices are elective. Neither bears any possible relationship to the position of policeman, either in the manner in which the offices are filled or in the duties which they entail.

The officers specifically excepted from the operation of the statute, that is, school directors, constables, and election officers, likewise indicate the classes of officers contemplated by the general term "other officers". School directors and constables were added by the amendment of 1903. While many of the duties of a constable, as they existed in 1903, corresponded to those today imposed upon a policeman, many other of his duties were quite different. In general, school directors, constables, and election officers are executive officers elected by the people.

Borough policemen and chiefs of police are appointed by the borough council. Their duties are primarily ministerial in character and subject to the entire direction and control of the burgess. They cannot be regarded as being of the general classes of officers typified by justices of the peace or members of council, nor of the classes represented by school directors, constables, or election officers.

Under the rule of construction stated above, we are of the opinion that a borough chief of police or a policeman is not barred from serving as a health officer under the board of health of the borough.

We are reinforced in our conclusion that a chief of police or a policeman is not an "officer", within the meaning of that word as used in the statute, by the decisions of our courts and of this department interpreting the word "officer" as used in various statutes and in article VI, sec. 4, and article III, sec. 13, of the Constitution of Pennsylvania.

For general definitions of "holding office" and "officer", see Directors of State Banking Institutions, 21 D. & C. 17, and the decisions of courts and opinions of this department cited therein.

In Commonwealth ex rel. v. Black, 201 Pa. 433, 436 (1902), it was held that a policeman is not an "officer" within the meaning of article VI, sec. 4 of the Constitution. The court said:

". . . Without going into the discussion at length, we are of opinion that a policeman is a subordinate ministerial agent or employee, like a fireman, a watchman or superintendent of public squares or other property, under the orders of a municipal department. He is not an independent 'municipal officer exercising grave public functions' in the language of Houseman v. Com. [100 Pa. 222], supra, . . ."

The policeman there involved was a third class city policeman, but the language of the court is equally applicable to the case of a borough policeman.

In Weaver v. Schuylkill County, 23 Pa. C. C. 507 (1900), the court, employing language similar to that used later in Commonwealth ex rel. v. Black and quoted above, held that a borough policeman was not an officer within the meaning of that word as used in article III, sec. 13, of the Constitution of Pennsylvania.

In our opinion the language and decisions of Commonwealth ex rel. v. Black and Weaver v. Schuylkill County, which are cited above, would apply with equal force in the case of a chief of police.

A borough chief of police is merely a policeman whom the borough council has designated as chief of police. The General Borough Act of May 4, 1927, P. L. 519, specifies no duties for the chief of police different from those of a policeman.

Section 1125 of that act provides as follows:

". . . The burgess of the borough shall have full charge and control of the chief of police and the police force, and he shall direct the time during which, the place where, and the manner in which, the chief of police and the police force shall perform its duties."

It is apparent from this provision that the duties of the chief of police, as well as those of any other member of the police force, are primarily ministerial, being subject to the complete control of the burgess.

Thus, in Commonwealth ex rel. v. Peace, 27 Dist. R. 897 (1918), the court held that no distinction in this regard could be drawn between a policeman and a chief of police, and that the rule of Commonwealth ex rel. v. Black, from which we have quoted above, likewise applied to a chief of police.

We have been able to discover no decision or legislation, other than those which we have cited, which bears on the compatibility of the position of borough chief of police or policeman and that of health officer appointed by a borough board of health.

Therefore, we conclude that a borough chief of police or a policeman may serve as a health officer under a local board of health.

In the case of a chief of police or a policeman of a first class township, this result is specifically effected by later legislation.

Section 1401 of The First Class Township Law of June 24, 1931, P. L. 1206, provides, in part, as follows:

". . . No policeman shall at the same time hold any public office other than constable and health officer. . . ."

Clearly the word "policeman", as used in the portion of the Act of 1931 quoted above, includes a policeman who has been designated by the board of township commissioners as the chief of police.

Under our recognized rules of statutory construction, this latter statute, specifically covering the compatibility of the offices of policeman and health officer, supersedes any prior statute on the same subject. In section 3502, it repeals "all other acts and parts of acts inconsistent" therewith. Insofar as the Act of 1895, as amended, is in conflict with the portion of the Act of 1931 quoted above, it is repealed: Commonwealth ex rel. v. Matthews et al., 303 Pa. 163 (1931); Devine et al. v. John Lang Paper Co., Inc., 307 Pa. 566 (1932).

We conclude, therefore, that a chief of police or a policeman of a first class township is not ineligible to be appointed as health officer of such township by the board of health thereof.

2. Your second inquiry is predicated upon our replying in the affirmative to your first inquiry. Since we have replied in the negative, the answer to your second inquiry becomes self-evident.

Under the Act of June 12, 1913, P. L. 471, as amended by the Act of April 7, 1927, P. L. 155, the council of a borough may appoint a health officer or health officers in lieu of a board of health.

Since there was nothing in the law, prior to the granting of this privilege to the borough council, which rendered the positions of borough chief of police or policeman incompatible with the position of a health officer appointed by the board of health, and since there are no statutes or decisions specifically bearing on the incompatibility of the position of borough chief of police or policeman with the position of health officer appointed in lieu of a board of health, the conclusion is clear that there is no such incompatibility.

In the case of first class townships, this result is specifically provided by The First Class Township Law. In section 1601, the act provides for administration of the health laws in a first class township either by a board of health and health officers appointed by it, or by a health officer appointed by the board of township commissioners to act in lieu of the board of health. In section 1401, which we have discussed above, the act authorizes a policeman to act as health officer. The "health officer" referred to may of course be either the health officer appointed by the board of health or the one appointed by the board of

township commissioners to act in lieu of the board of health. The act uses the words "health officer" when speaking of either position.

In our opinion, therefore, the chief of police or the policeman of a borough or a first class township is not ineligible, at the same time, to be appointed as health officer of such borough or township, where the borough council or board of township commissioners, respectively, has elected to appoint a health officer or health officers in lieu of a board of health.

### Conclusion

In conclusion, therefore, we advise you that a chief of police or a policeman of a borough or of a first class township is not ineligible to serve at the same time as health officer of such borough or township, regardless of whether such health officer is appointed by the board of health thereof or is appointed in lieu of a board of health by the borough council or board of township commissioners. From C. P. Addams, Harrisburg, Pa.