## Eckendorf v. Ainsworth et al.

*R. M. Orcutt*, for petitioner.

*Edward M. Murphy*, city solicitor, for Civil Service Commission.

HIRT, P. J., March 15, 1937.—The civil service board for the City of Erie gave notice by advertisement of an examination of applicants for the position of fire alarm operator to be held on September 5, 1936.

Petitioner, an honorably discharged sailor who served in the United States Navy during the World War, filed an application with the secretary of the board in response to the advertisement, on August 29, 1936. Because petitioner was older than the age limit of 35 years, the board, on September 3, 1936, refused the application.

This is a proceeding directed to the civil service board to compel them by mandamus to permit petitioner to take an examination for the position of fire alarm operator as advertised.

Section 9 of the Act of May 31, 1933, P. L. 1108, 53 PS § 8480 (*g*), provides that no application will be received for any position in the fire department and as fire alarm operator in cities of the second and third class if the person applying is less than 21 years of age or more than 35 years of age at the date of his application. Petitioner re-

lies, however, upon the provisions of the Act of June 23, 1931, P. L. 932, sec. 4407, 53 PS §12198-4407, to substantiate his claim. This act, in providing for civil service examinations for cities of the third class, provides that honorably discharged soldiers and sailors who served in the Army or Navy of the United States during time of war shall be given preference in appointments to positions "without regard to any age limitations now provided for by law or the rules and regulations of any board or commission having in charge civil service regulations in any county, city or borough."

The repealing clause in the Act of 1933, supra, sec. 17, repeals all acts and parts of acts inconsistent therewith, and states further:

"It is the purpose of this act to furnish a complete and exclusive system for the appointment, promotion, reduction, removal and reinstatement of all officers, firemen, or other employes of fire departments, and of all fire alarm operators and fire box inspectors in the bureaus of electricity, in all cities of the second and third class wherein such officers and employes are paid."

We are familiar with the principle of law, urged strongly by petitioner, to the effect that repeals by implication are not favored, but there is another and controlling principle which we must apply. In Snyder's Appeal, 302 Pa. 259, 263, the Supreme Court said:

"A subsequent act of assembly, evidently intended as a revision of the whole subject-matter of prior legislation, and a substitute therefor, though it contains no express words so declaring, must, on general principles of law as well as in reason and common sense, operate to set aside the former: Com. v. Curry, 285 Pa. 289; Jefferson Co. v. Rose Twp., 283 Pa. 126. If the new statute indicates a purpose to revise and abolish that formerly in force, although no language to that effect is found therein, the first is repealed: Murdoch v. Biery, 269 Pa. 577; Hammond v. Aluminum Co., 261 Pa. 370."

We cannot agree that, where a repealing section of an

act sets forth its purpose to furnish a complete and exclusive system for the appointment of fire alarm operators in cities of the third class, a repeal of a former statute dealing with exactly the same subject is not intended. The words "furnish a complete and exclusive system", used in the same sense as in the case at bar, were discussed by the Supreme Court in Long et al. v. Phillips, 241 Pa. 246, 249. There the court said:

"It is undoubtedly true, as the act declares, that it was the intention to provide a complete and exclusive system of law regulating the subject with which the statute deals, and that in all cases where it is applicable the act is the exclusive remedy and repeals all legislation in conflict with it."

Both acts obviously cover the same subject matter, and it therefore seems to be the inevitable conclusion that the later act repeals the former.

Now, to wit, March 15, 1937, after hearing, the prayer of petitioner is denied and judgment is entered for defendants.