## Detwiler v. Sanitary Water Board

*Anthony Cavalcante,* for appellant.

*Robert J. Trace,* Deputy Attorney General, *C. Russell Welsh, Jr.,* senior legal assistant, Sanitary Water Board, and *Robert E. Woodside,* Attorney General, for appellee.

SOHN, J., March 8, 1954.—This matter comes before us as an appeal from the refusal of the Sanitary Water Board to issue a permit to conduct a strip coal mining

operation in Saltlick Township, Fayette County, Pa. A formal adjudication and order was made by the Sanitary Water Board on July 16, 1952. The appeal was taken pursuant to the Act of June 22, 1937, P. L. 1987, sec. 605, 35 PS §691.605, known as the Public Water Supply Act. The Sanitary Water Board contends that this act, so far as the practice on appeal is concerned, has been repealed by the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended, 71 PS §1710.1, and that the appeal should have been taken pursuant to the provisions of the latter act. It also contends that the appeal should be quashed for failure to file exceptions to the order of the Sanitary Water Board, in accordance with rule 4, entitled "Appeals from Certain Administrative Agencies, Pennsylvania Rules of Civil Procedure".

A more detailed history of the case is as follows:

On January 17, 1952, appellant filed with the Sanitary Water Board his application for the issuance of a permit to open a strip mining operation in Saltlick Township, Fayette County, Pa. On March 19, 1952, the application was heard before the Sanitary Water Board. Testimony was taken on the part of the applicant and on the part of the Sanitary Water Board. On July 16, 1952, the Sanitary Water Board entered an adjudication and order disapproving the application. On August 6, 1952, applicant took his appeal to the Court of Common Pleas of Dauphin County, but failed to file any exceptions to the adjudication and order of the board. On January 6, 1953, the Sanitary Water Board filed a motion to strike the appeal from the trial list where counsel had placed it and also to quash and dismiss the appeal because exceptions had not been filed.

The specific reasons given by the Sanitary Water Board in support of its motion to strike and its motion to quash and dismiss the appeal are as follows:

1. The Act of June 22, 1937, P. L. 1987, sec. 605, 35 PS §691.605, has been repealed by the Act of June 4, 1945, P. L. 1388, as amended by the Act of September 28, 1951, P. L. 1561, 71 PS §1710.1, entitled the Administrative Agency Law, and appellant has not perfected his appeal in accordance with this law.

2. Appellant has failed to perfect his appeal by failing to file his exceptions to the adjudication and order of the Sanitary Water Board in accordance with rule 4, entitled Appeals from Certain Administrative Agencies, Pennsylvania Rules of Civil Procedure: 12 PS Appendix, pp. 361 to 364.

3. Appellant having failed to file exceptions to the adjudication and order of the Sanitary Water Board in accordance with rule 4, above mentioned, there is no subject matter before the court upon which a trial may be had and thus the court is without jurisdiction to try the case.

4. Appellant's appeal does not conform to the Administrative Agency Law as it is applied in accordance with the Rules of Civil Procedure, entitled "Appeals from Certain Administrative Agencies".

The principal question for the court is whether appellant should have taken his appeal pursuant to the Public Water Supply Act of June 22, 1937, P. L. 1987, 35 PS §691.301, et seq., or whether his appeal should have been taken under the provisions of the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended by the Act of September 28, 1951, P. L. 1561, 71 PS §1710.1. The pertinent sections of the Administrative Agency Law are section 41, which provides that an appeal may be taken from an adjudication, and section 55, which provides that:

"All acts or parts thereof inconsistent with provisions of this act are hereby repealed. All existing applicable statutory provisions not inconsistent with this act shall remain in full force and effect."

The provisions of the Administrative Agency Law are applicable to the decisions of the Sanitary Water Board. Section 51(a), as amended, provides: "Except as provided in section forty-six hereof, all of the provisions of this act shall apply to the following agencies: . . ." and then under subsection 33 of section 51(a) we find the words "Sanitary Water Board". A qualifying section, section 46, provides:

"The provisions of sections forty-one to forty-five shall not apply to any adjudication which under existing law (1) is final, or (2) may be appealed to a court other than the Court of Common Pleas of Dauphin County."

This section does not eliminate the Sanitary Water Board from the provisions of the Administrative Agency Law because under existing law the Sanitary Water Board's decisions are not final and they may not be appealed to a court other than the Court of Common Pleas of Dauphin County. See Act of June 22, 1937, P. L. 1987, sec. 605.

In contending that section 605 of the Public Water Supply Act (35 PS §691.605) has been repealed by the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, the appellee asserts first, that in view of the clause, "All acts or parts thereof inconsistent with provisions of this act are hereby repealed", the latter statute repeals the former inasmuch as the provisions of the latter act are repugnant to and inconsistent with the earlier, and that the latter statute revises the whole subject matter of the former act so far as appeals are concerned and is intended as a substitute for it although it contains no express words of repeal.

Under the Public Water Supply Act of 1937, as well as under the Administrative Agency Law of 1945, the right of appeal is given in both cases to the Court of Common Pleas of Dauphin County. Both provide that

the appeal must be taken within 30 days. In this respect they are not inconsistent. But the Act of 1937 has no machinery regulating the appeal after it is taken, while on the other hand, the Administrative Agency Law has specific provisions regarding the practice on appeal. In determining whether the Administrative Agency Law intended by implication to repeal the provisions of the Act of 1937, we must consider what must have been the intention of the legislature in passing the Act of 1945. In considering whether an act repeals an earlier one by implication, it must be determined that:

". . . the later Act, although it contains no words to that effect, must, in the principles of law, as well as in reason and common sense, operate to repeal the former —the negative being implied from the 'reasonable inference that the legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject-matter in force at the same time' ": Devine et al. v. John Lang Paper Co., Inc., 307 Pa. 566, 569-570 (1932).

In this case the court, after citing the above rule, stated:

"If this could be the case, it is obvious that the later statute could become the law only so far as parties might choose to follow it."

In applying this rule, we do not believe that the legislature intended that a party aggrieved from a ruling of the Sanitary Water Board should have two distinct methods of appeal open to them. We believe to the contrary that by passing the Administrative Agency Law the legislature intended that appeals from an administrative board should be taken in conformity therewith. The Statutory Construction Law of May 28, 1937, P. L. 1019, article VII, sec. 91, 46 PS §591, provides:

"Whenever a law purports to be a revision of all

laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon the same subject."

It further provides:

"Whenever a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal pre-existing local or special laws on the same class of subjects."

We believe it was the intention of the legislature in passing the Act of 1945 to set up a uniform and comprehensive method of appeal in such cases as therein provided, and that the Act of 1945 must prevail. The intention to repeal by implication is clearly discernible in the Act of 1945. In Girard Trust Company et al. v. Philadelphia et al., 336 Pa. 433, 436, it is held:

"A subsequent statute which sets up a general or exclusive system governing the entire subject-matter of the former law and intended as a substitute for it, or one which establishes a uniform and mandatory system repeals the pre-existing enactments by implication."

No substantive right is taken from an appellant under the provisions of the Administrative Agency Law for it provides in section 1710.31:

"No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings."

Section 1710.32 provides:

"Agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received. Reasonable examination and cross-examination shall be permitted."

Section 1710.33 provides for briefs and oral argument, section 1710.34 for adjudication and service, section 1710.35 for procedural regulations, section 1710.41 for appeals, and section 1710.42 regulates procedure on appeal. Thus a detailed and comprehensive system is set up and the rights of all persons protected so that substantial justice can be done.

We now come to the further question as to whether the appeal filed herein should be quashed for failure to file exceptions. Section 42 of the Administrative Agency Law, supra, provides:

"The procedure applicable to appeals from adjudications shall be in accordance with the rules of civil procedure promulgated from time to time by the Supreme Court of Pennsylvania."

Rule 4 of the Pennsylvania Rules of Civil Procedure under the heading "Appeals from Certain Administrative Agencies" provides:

"Within thirty (30) days after the service of an adjudication by an agency upon a party he may file an appeal therefrom and within said time take such exceptions to the adjudication of the agency as he may desire. The appellant shall furnish to the prothonotary two copies of his exceptions, for service upon the agency and the Attorney General."

This provision was not followed by appellant. In State Board of Examiners of Public Accountants v. Eickhoff, 60 Dauph. 334, at page 339, this court said:

"Where one attacks the action of an administrative body, he should at least set forth his objections with such particularity as to enable that body to determine the fundamental nature of the questions raised."

This very question has heretofore been passed upon by this court in State Board of Medical Education and Licensure v. Alma E. Williams, 63 Dauph. 94. There it was said by President Judge Paul G. Smith:

"Under Pa. R. C. P. No. 8, appeals are required to be heard by this Court 'upon the record and the exceptions filed thereto.' The defendant, however, neither at the time of the taking of her appeal nor at any time thereafter, filed in this court or presented to the prothonotary for service on the Board and the Attorney General any exceptions to the adjudication in question. For this reason alone, since there is no issue before us, the Board's findings, conclusions and order cannot be here attacked by the defendant, and the Board's motion to dismiss the appeal must be sustained."

In Colteryahn Sanitary Dairy v. Milk Control Commission of Pennsylvania, 332 Pa. 15 (1938), 23-24, Mr. Chief Justice Kephart, speaking for the Supreme Court, said:

"It is well settled under the Act of March 21, 1806, P. L. 558, Section 13, that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress: (citing cases). *This is particularly true of special statutory appeals from the action of administrative bodies:* White et al. v. Old York Road Club et al., 318 Pa. 346; Taylor v. Moore, 303 Pa. 469; Ermine v. Frankel et al., 322 Pa. 70." (Italics supplied.)

We conclude, therefore, that since this appeal should have been taken under the provisions of the Administrative Agency Law of 1945, and since no exceptions have been filed to the adjudication and order of the Sanitary Water Board, there is nothing before us for this court to pass upon. Accordingly, we make the following

*Order*

And now, March 8, 1954, the appeal of Charles W. Detwiler, Jr., is hereby quashed and stricken from the trial list.