ARTHUR DUBIEL AND JEAN DUBIEL, IND. & G.A.L. FOR GREGORY DUBIEL, AN INF., PLAINTIFF, v. LANECO, INC., MARTIN BRAUN, IND. & T/A MARTIN'S RENTALS, PHILADELPHIA TRAM RAIL CO. AND FALKS' DISTRIBUTORS — FALKS DEPARTMENT STORE, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided May 18, 1978.

*Mr. Thomas W. Sharlow* for plaintiff.

*Mr. Robert M. Graham* for defendant Laneco, Inc. (*Messrs. Graham, Yurasko, Golden & Lintner,* attorneys).

*Mr. George A. Mauro, Jr.,* for defendant Martin Braun (*Messrs. Ozzard, Rizzolo, Klein, Mauro & Savo,* attorneys).

*Mr. George J. Kenny* for defendant Philadelphia Tram Rail Co. (*Messrs. McElroy, Connell, Foley & Geiser,* attorneys).

GAYNOR, J. C. C. (temporarily assigned). This motion by defendant Laneco, Inc. for summary judgment dismissing the seventh count of the complaint presents a new question involving the construction of *N. J. S. A.* 34:2–21.17 and its applicability to a work-related injury suffered by a minor.

In this action recovery is sought on behalf of the infant plaintiff for injuries allegedly sustained while operating a cardboard box baling machine in the course of his employment by Laneco, Inc. Plaintiff was then 17 years of age. It is alleged that the accident occurred as plaintiff attempted to remove a piece of material from the machine during its cycle of operation. In addition to allegations of negligence, the complaint includes in the seventh count a demand for

recovery against the employer based upon an asserted violation of *N. J. S. A.* 34:2-21.17, the pertinent portions of which are as follows:

No minor under 16 years of age shall be employed, permitted or suffered to work in, about, or in connection with power-driven machinery.

No minor under 18 years of age shall be employed, permitted or suffered to work in, about, or in connection with the following:

\* \* \*

oiling, wiping, or cleaning machinery in motion or assisting therein;

\* \* \*

punch presses or stamping machines if the clearance between the ram and the dye or the stripper exceeds ¼ inch;
cutting machines having a guillotine action;
corrugating, crimping or embossing machines;

\* \* \*

No minor under 18 years of age shall be employed, permitted, or suffered to work in any place of employment, or at any occupation hazardous or injurious to the life, health, safety, or welfare of such minor, as such occupation shall, from time to time, be determined and declared by the Commissioner of Labor and Industry to be hazardous or injurious to the life, health, safety, or welfare of such minors, after a public hearing thereon and after such notice as the commissioner may by regulation prescribe.

\* \* \*

It is the movant's position that a recovery cannot be founded upon a statutory violation as the machine or the operation allegedly causing the injuries to the minor plaintiff is not specifically listed in the statute. In furtherance of this position, it is argued that the statute is clear and unambiguous and therefore may not be the subject of judicial interpretation. Further, that as the statute does not contain a provision prohibiting 18-year old employees from operating all power equipment, as it does for 16-year old employees, the listing of prohibited employment for 18-year olds as set forth in the statute must be considered as all inclusive.

The plaintiff contends that a specific listing of the particular machine or operation involved is not a prerequisite to the applicability of the cited statute. Rather, he argues

that it is sufficient if the equipment which he was operating or the employment in which he was engaged is similar to a type or kind included in and proscribed by the statute. Specifically, it is contended that the operation of the baling machine involved is similar to that of a "cutting machine having a guillotine action," a "corrugating" machine, a "stamping" machine or an "embossing" machine, or that his attempt to remove a piece of material from the baler can be classified as "cleaning machinery in motion or assisting therein."

The machine involved is a power-driven, hydraulic baler used for the compressing and compacting of cardboard boxes into bales for convenient storage, handling and shipping. It is approximately nine feet in height, five feet in width and four feet in depth, and consists of a loading bin in the bottom half of the machine and a compressing ram which descends slowly from the top of the machine. The ram compresses the cardboard with a significantly high level of force. When the compacting chamber is filled with the compressed material it is secured with wire and ejected from the machine. The descent of the ram and the ejection of the compacted material is controlled by the operator's actuation of electric pushbuttons.

The applicability of *N. J. S. A.* 34:2–21.17 is important inasmuch as a violation constitutes negligence *per se* if the violation is a proximate cause of the injury to the minor. *Gabin v. Skyline Cabana Club,* 54 *N. J.* 550 (1969). In addition, it has been held that, if the employment is illegal, defendant will not be allowed to assert defenses such as the fellow-servant rule, assumption of risk and contributory negligence. *Chipman v. Cramer,* 16 *N. J. Misc.* 178 (Sup. Ct. 1938); nor will the employer be allowed to assert fraud, misrepresentation or mistake as to infant employee's age as a defense. *E. Heller & Bros. v. Dillon,* 96 *N. J. Eq.* 334 (E. & A. 1924).

The pleaded statute prohibits the employment of minors under the age of 18 years in connection with certain speci-

fied kinds of machinery and also in certain designated occupations or manufacturing processes. Provision is also made for the prohibition to extend to such other employment or occupations determined by the Commissioner of Labor and Industry to be hazardous or injurious to the health and safety of such minors. The statute does not include a cardboard box baler, by name, as one of the proscribed machines, nor has the operation of this type of machine by minors under 18 years of age been prohibited by a determination of the Commissioner of Labor and Industry.

Plaintiff argues that the machine is subject to the statutory prohibition, despite its not being specifically designated, because it has certain characteristics which are similar to machines expressly included in the statute. It is pointed out that an embossing or stamping machine generally contains a powered movable head which moves toward a fixed base and compresses the work product within the machine, which action is similar to that of the compressing ram in the baler, and that corrugating and cutting machines also utilize a descendng part which comes into contact with the material being processed. This argument presumes a legislative determination that the hazardous element in the operation of these specified machines is the mechanical principle of a movable part compressing material against a fixed base. Such a presumption does not account for other factors pertaining to the operation of the indicated machines which might have been considered as creating the hazardous condition. These could include the speed at which the machine is operated, the shape and sharpness of the moving part, the manner in which the work material is inserted into and then removed or ejected from the machine, or the size, weight and composition of the product which is being processed. In view of these several elements which conceivably could affect the degree of hazard involved in the operation of such machines, there is no basis for a conclusion that the legislative intent was to prohibit the use by minors under 18 years old of all machines utilizing the principle

of compression. It is also observed that the statute has been amended and that the Commisisoner of Labor and Industry has issued regulations clarifying and supplementing the prohibited occupations for minors under 18 years of age, but neither the Legislature nor the Commissioner saw fit to include the operation of cardboard baling machines as a prohibited occupation, although hay balers have been included as a proscribed agricultural machine. *N. J. A. C.* 12:58-1 *et seq.*

However, the fact that a certain machine is not specifically set forth in the statute does not preclude a conclusion that the operation of such equipment is a prohibited employment if it can reasonably be considered as being within one of the proscribed occupations. In *Sullivan v. Komorowski,* 31 *N. J. Super.* 262 (Cty. Ct. 1954), a 17-year-old minor was injured while welding a metal drum, and, although welding was not a prohibited employment under *N. J. S. A.* 34:2-21.17, the court held that it was subject to the statutory prohibition as it came within the category of "heat treatment of metals," a prohibited type of occupation. This interpretation is neither applicable to the present case, as there is no suggestion that the operation of a cardboard box baler comes within any of the prohibited occupations, nor does it support a conclusion that an unspecified machine is subject to the proscription of the statute.

Plaintiff's further contention that the attempted removal of a piece of material from the baler during its cycle of operation comes within the prohibition against permitting minors to be engaged in "oiling, wiping or cleaning machinery in motion or assisting therein" is without merit. The words "oiling, wiping and cleaning" are explicit and their meanings are well understood. There being no indication in the statute that these terms should have any special meaning they must be accorded their ordinary and generally accepted meaning. *Service Armament Co. v. Hyland,* 70 *N. J.* 550 (1976). The application of this principle

precludes a construction that would bring plaintiff's conduct within this provision of the statute.

It must be assumed that the Legislature, and the Commissioner of Labor and Industry in acting under the statute, were coversant with the prohibitions contained in the subject statute and the regulations issued pursuant thereto, and therefore were aware that the prohibitions applicable to minors under the age of 18 years pertained to only certain specified occupations or employment. *Petrozzino v. Monroe Calculating Mach. Co.*, 47 *N. J.* 577 (1966). The statute and regulations evidence a conclusion by the Legislature and the Commissioner that the employment of minors in these certain occupations presented a particular hazard and that work in connection with unspecified occupations involving power-driven machinery did not constitute such a danger. Although we might disagree with these determinations, we are not free, under guise of construction, to change the legislative enactment by imposing a meaning which would conform to our conclusions as to hazardous employment. *State Bd. of Med. Examiners v. Warren Hosp.*, 102 *N. J. Super.* 407 (Cty. Ct. 1968), aff'd 104 *N. J. Super.* 409 (App. Div. 1969).

Accordingly, it is our opinion that, as a matter of law, plaintiff does not have a cause of action based upon a violation of *N. J. S. A.* 34:2–21.17. The motion of defendant Laneco, Inc., will therefore be granted.