ANTONIO CERNADAS, JR., AND ANTONIO CERNADAS, SR., PLAINTIFFS, v. SUPERMARKETS GENERAL, A CORPORATION OF THE STATE OF DELAWARE, T/A RICKEL HOME CENTER, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided October 14, 1983.

*Joseph M. Horowitz* for plaintiffs (*Brach, Eichler, Rosenberg, Silver, Bernstein & Hammer,* attorneys).

*Joel I. Bergman* for defendant.

WOLIN, J.D.C. (temporarily assigned).

The issue in this case is whether a forklift is a "hoisting apparatus" under *N.J.S.A.* 34:2–21.17.

## FACTS

On April 5, 1981 plaintiff, 17 years of age, was employed by Rickel's Home Center as a stockboy. Plaintiff's supervisor ordered him to operate a forklift to move goods from one area of the warehouse to another. As plaintiff maneuvered the forklift toward a pallet, he put the machine in reverse to avoid puncturing cases of oil which happened to be on the pallet. Driving in reverse and looking backward, plaintiff caught his arm between a shelf and the cage on the lift which surrounds the driver. Plaintiff attempted to jump in order to free his arm, whereupon his head struck the cage. As a result, he sustained injuries to his arm and head.

## I

Plaintiff has instituted a negligence action against defendant alleging that defendant violated *N.J.S.A.* 34:2–21.17 of the Child Labor Law. This provision reads in its pertinent part:

No minor under 18 years of age shall be employed, permitted or suffered to work in, about, or in connection with the following: . . .

Operation or repair of elevators *or other hoisting apparatus.* [Emphasis supplied.]

Defendant has moved for summary judgment on the ground that a forklift is not a "hoisting apparatus" within the purview of the statute. Plaintiff has cross-moved for summary judgment, asserting that the quoted term was meant to include a forklift. In this regard, it merits note that our Supreme Court stated in *Gabin v. Skyline Cabana Club,* 54 *N.J.* 550, 553 (1969):

[I]t is clear that a violation of the statutory provision here involved itself constitutes negligence and results in liability if the violation is the proximate cause of plaintiff's injuries. *See Feir v. Weil and Whitehead,* 92 *N.J.L.* 610 (E. & A.1919).

*See also Dubiel v. Laneco, Inc.,* 161 *N.J.Super.* 360, 363 (Law Div.1978).

Preparatory to resolving the issue before the court it is first necessary to determine whether *N.J.S.A.* 34:2–21.17 should be construed liberally or narrowly. In *Gabin v. Skyline Cabana Club,* 54 *N.J.* at 554–55, the court broadly interpreted the term

"work" in this provision, in order to effectuate the legislative objective of protecting the safety of children regardless of whether they are actually employed. In *Vega v. Sullivan,* 2 *N.J.Misc.* 385, the cause of action was a violation of the Factory Act, the precursor of the present Child Labor Law. *See Gabin,* 54 *N.J.* at 557. In confirming the conviction of defendants for employing children in factories, the court stated:

> Such an act must be *liberally construed* in the general public interest. [Emphasis supplied.]

In determining that *N.J.S.A.* 34:2–21.17 must be liberally construed, this court finds that the Child Labor Law is primarily a piece of remedial social legislation rather than a penal statute.[1] As the court in *Variety Farms, Inc. v. N.J. Mftrs. Ins. Co.,* 172 *N.J.Super.* 10, 17 (App.Div.1980) stated:

> It has long been the strong social policy of this State to limit and regulate child labor. The solicitude of our legislature in this regard finds expression in the Child Labor Law, *N.J.S.A.* 34:2–21.1 et seq., which details at what ages and under what conditions persons under 18 years of age may be employed, and carefully circumscribes the type of work they may do.

The definition of "hoist" remains to be addressed. In *Williams v. Rheas,* 99 *Pa.Super.* 438 (1931), it was held that the term "hoisting machine," as used in a statute prohibiting minors from operating hoisting machines, applied to all mechanical contrivances used for lifting, including (but apparently not limited to) freight and passenger elevators. *Webster's New Collegiate Dictionary* defines the verb "hoist" as follows: "to raise into position by or as if by means of tackle: to become hoisted: RISE syn. see LIFT." Giving liberal interpretation to the term "hoisting apparatus", this court finds that a forklift falls within its definitional boundary.

## II

Under *Gabin v. Skyline Cabana Club,* 54 *N.J.* at 553, and cases cited therein, it is settled law the plaintiff must prove that

---

[1] Although the Child Labor Law does have certain sanctions, *N.J.S.A.* 34:2–21.19, it is not essentially penal in nature.

the statutory violation which he alleges was the proximate cause of his injuries. Defendant asserts that assuming, for the purpose of argument, it violated the statute, such transgression was not the proximate cause of the plaintiff's injuries since the lifting part of the forklift played no role in the accident. Defendant is essentially employing a causation in fact argument; to wit, that the injuries would have occurred regardless of the lifting device. *See Kulas v. P.S.E. & G.,* 41 *N.J.* 311 (1964). This court is not persuaded by defendant's analysis. Giving liberal interpretation to the statutory provision before the court, it is implausible then to find that only a part of the forklift is a "hoisting apparatus." If defendant's contention were meritorious, it would follow that the "hoisting apparatus" would be the proximate cause of plaintiff's injuries *only if* plaintiff's arm and head had been caught in the lift component itself—but not if, as here, plaintiff was injured by the cage of the forklift. Such reasoning must be rejected since it would defeat the statutory design for the protection of children.

Finally, because it is not disputed that the worker's compensation benefits which plaintiff has received were voluntarily paid by defendant, plaintiff is not estopped from this suit at law. *Chickachop v. Manpower, Inc.,* 84 *N.J.Super.* 129, 134 (Law Div.1964); *N.J.S.A.* 34:15–10. Accordingly, defendant's motion for summary judgment is denied. Plaintiff's cross-motion for summary judgment is granted.